**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| 20100 EASTEX, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-01347 |
| | § | |
| SALTGRASS, INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Defendant Saltgrass, Inc. seeks leave to file a First Amended Answer to include a request for attorneys' fees and costs under Section 4.3 of the Restrictive Easement Agreement and Restrictive Covenants ("REA")—the contract underlying the breach of contract and declaratory judgment claims advanced by Plaintiff 20100 Eastex, LLC ("Eastex") in this litigation. *See* Dkt. 87. Eastex opposes the request.

Section 4.3 of the REA is short and sweet: "In the event of litigation by reason of this Agreement, the prevailing party in such litigation shall be entitled to recover attorney's fees from the other party in addition to all other expenses incurred by such litigation." Dkt. 57-1 at 8. Given this language, Saltgrass wants "to amend its Answer to account for its contractual right to recover attorneys' fees and costs should it prevail." Dkt. 87 at 2. In response, Eastex insists that Saltgrass has waited too long to request attorneys' fees, noting that this case has been on file for more than five years, with the pleading deadline having expired almost four-and-a-half years ago. I fully appreciate both sides' arguments and recognize that my decision may have a profound impact on this matter because Saltgrass seeks in excess of $175,000 in attorneys' fees.

Rule 54(d)(2) governs the requirements for a prevailing party to obtain attorneys' fees. The purpose of the rule is to "harmonize[e] and clarify[] the

procedural requirements for attorneys' fees requests." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996). The rule requires that a motion for attorneys' fees be filed within 14 days after entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must specify the "grounds entitling the movant to the award," "state the amount sought or provide a fair estimate of it," and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iv). The Fifth Circuit has held that a request for attorneys' fees provided by contract may be pursued under Rule 54(d)(2). *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014).

In addition to complying with Rule 54(d)(2)'s requirements, a party seeking attorneys' fees must, as a general rule, put its opponent on notice that it will seek attorneys' fees. *See United Indus.*, 91 F.3d at 765. This can easily be accomplished by making a specific request for attorneys' fees in a pleading. But the Fifth Circuit has recognized that, under certain circumstances, a district court may "consider the fees issue even in the absence of a specific pleading." *Id.*; *see also Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2018) (explaining that specifically pleading for attorneys' fees is "sufficient but not necessary"). As one court explained:

> In *Engel v. Teleprompter Corp.*, a Fifth Circuit panel awarded attorney's fees to a prevailing defendant who had not pleaded for them, but instead sought them before a judgment was entered after the prevailing defendant had been successful on appeal. 732 F.2d 1238, 1240–41 (5th Cir. 1984). The panel noted that "where a statute or contractual provision authorizes a fee award, such an award becomes the rule rather than the exception, and should be awarded routinely as are costs of suit." *Id.* at 1241. This rule was followed in *Engel* even when the prevailing defendant had not sought fees until after the litigation was all but concluded (the legal issue had been decided, but a judgment had not issued). The panel in *Engel* also noted that neither party disputed that fees were available to the prevailing party under the contract.

2

*N.Y. Pizzeria, Inc. v. Syal*, No. 3:13-cv-00335, 2017 WL 1313759, at *3 (S.D. Tex. Apr. 5, 2017) (cleaned up).

The instant matter is significantly more compelling than *Engel*. Although Saltgrass did not seek attorneys' fees in its answer, it notified the court and Eastex that it intended to seek fees—not after the litigation had been mostly concluded—but weeks before the deadline to file a dispositive motion. Like in *Engel*, there is no dispute that the REA provides for the prevailing party to recover attorneys' fees. It is hard to fathom how Eastex could have been surprised by Saltgrass's fee request given that Eastex has claimed from the outset of this case that it is entitled to attorneys' fees and costs under the same provision of the REA. Although Saltgrass certainly could have included a claim for attorneys' fees in its answer, Saltgrass's failure to do so does not preclude it from obtaining a fee award in the event it ultimately prevails in this litigation. *See Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 n.1 (5th Cir. 1992) (holding that failure to plead a claim for attorneys' fees did not bar such an award when party advanced an attorneys' fees award at a pretrial conference); *Solferini as Tr. of Corradi S.p.A. v. Corradi USA, Inc.*, No. 4:18-cv-00293, 2020 WL 5653961, at *5 (E.D. Tex. Sept. 23, 2020) (allowing defendant who did not plead for attorneys' fees in the answer to recover fees when plaintiff put the fee issue in play by bringing a claim under a statute that permitted the prevailing party to recover attorneys' fees), *aff'd*, No. 20-40645, 2021 WL 3619905 (5th Cir. Aug. 13, 2021); *N.Y. Pizzeria*, 2017 WL 1313759, at *3 (finding that defendant could obtain attorneys' fees even though it had not specifically pled for such relief because "it is hard to see how [the plaintiff] was surprised by the fee request as it sought attorneys' fees when it alleged [a claim under the statute containing a fee-shifting provision]").[1]

---

[1] Eastex complains that Saltgrass has never designated an expert witness to testify on an affirmative claim for attorneys' fees. That is true, but of no moment. Rule 26 provides that a party must only identify witnesses they "may use at trial." Fed. R. Civ. P. 26(a)(2)(A). As already explained, Rule 54 dictates that the fee issue will be resolved, not at trial, but after a judgment has been entered. "Because Rule 54 applies, an attorneys' fees expert will not

3

Because Saltgrass has put Eastex on notice of its intent to seek attorneys' fees in the event it prevails in this case, I will allow Saltgrass to amend its answer to specifically request such relief. Saltgrass is ordered to file its amended answer by Friday, May 30, 2025.

SIGNED this 25ᵗʰ day of May 2025.

                                              ANDREW M. EDISON
                                       UNITED STATES MAGISTRATE JUDGE

---

testify 'at trial,' and therefore is not subject to the designation timeline under the language of Rule 26." *ResMan, LLC. v. Karya Prop. Mgmt., LLC*, No. 4:19-cv-00402, 2020 WL 5981755, at *2 (E.D. Tex. Oct. 8, 2020); *see also Sifuentes v. KC Renovations, Inc.*, No. 5-19-cv-00277, 2022 WL 1050381, at *3 (W.D. Tex. Apr. 6, 2022) (experts testifying to attorneys' fees under the procedure set forth in Rule 54(d)(2) are not subject to the disclosure requirements of Rule 26(a)(2)).