United States District Court
Southern District of Texas
**ENTERED**
October 15, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 20100 EASTEX, LLC, | § | |
| Plaintiff. | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-01347 |
| SALTGRASS, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant Saltgrass, Inc. moves under Rule 54(d)(2) to recover its attorneys' fees. *See* Dkt. 107. I recommend that the motion be granted.

## BACKGROUND

Plaintiff 20100 Eastex, LLC filed this lawsuit against Saltgrass, bringing causes of action for breach of contract and declaratory judgment. This court granted summary judgment in favor of Saltgrass on the breach of contract claim, which the Fifth Circuit affirmed. *See 20100 Eastex, L.L.C. v. Saltgrass, Inc.*, No. 23-20414, 2024 WL 4589077, at *5 (5th Cir. Oct. 28, 2024). Recently, the court granted Saltgrass's motion for summary judgment on Eastex's declaratory judgment claim. *See* Dkt. 104. On August 21, 2025, the court entered a final judgment "in favor of" Saltgrass. Dkt. 105.

Saltgrass now moves for an award of attorneys' fees. Saltgrass notes that the contractual agreement at issue in this case provides: "In the event of litigation by reason of this Agreement, the prevailing party in such litigation shall be entitled to recover attorney's fees from the other party in addition to all other expenses incurred by such litigation." Dkt. 57-1 at 8. As the prevailing party, Saltgrass seeks $292,322 in reasonable and necessary attorneys' fees incurred to date; $75,000 in conditional appellate attorneys' fees; and $16,600 in conditional post-judgment attorneys' fees. *See* Dkt. 107 at 1.

## LEGAL STANDARD

Rule 54(d)(2) governs the requirements for a prevailing party to obtain attorneys' fees. It provides that a party seeking an attorneys' fees award must file a motion within 14 days after entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must specify the "grounds entitling the movant to the award," "state the amount sought or provide a fair estimate of it," and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(ii)–(iv).

Because Texas law supplied the rule of decision in this contract dispute, Texas law also governs the award of attorneys' fees in this case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision."). Under Texas law, each side must pay its own attorneys' fees unless recovery of fees is authorized by statute or contract. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006).

When calculating an attorneys' fee award, the trial court should begin by calculating the lodestar. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The trial court should exclude "[c]harges for duplicative, excessive, or inadequately documented work." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012). There is a strong presumption that the lodestar calculation produces a reasonable and necessary fee. *See Rohrmoos Venture*, 578 S.W.3d at 499.

After calculating the lodestar, Texas law requires a trial court to consider whether to enhance or decrease the lodestar amount based on the *Arthur Andersen* factors. *See Arthur Andersen & Co., v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Those factors are:

2

> (1) the time and labor required, the novelty and difficulty of questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* (citation modified).

The party seeking attorneys' fees "bears the burden of establishing the fees are reasonable and necessary." *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017). Fixing a reasonable attorneys' fee "rests within the court's sound discretion." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). A court abuses its discretion when it awards attorneys' fees without "a reasonably specific explanation for all aspects of a fee determination," including any adjustment to the lodestar. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

## ANALYSIS

In support of its request for attorneys' fees, Saltgrass has identified the lawyers who worked on this matter, their hourly rates, and the number of billable hours they worked. Saltgrass has also submitted the declaration of John Zavitsanos, an attorney representing Saltgrass, attesting to the reasonableness and necessity of the hourly rates, number of billable hours, and fees incurred. Mr. Zavitsanos addresses each of the *Arthur Andersen* factors, concluding that no adjustment of the fee award–either upward or downward—is warranted. Finally, Saltgrass has provided its billing records detailing the legal services provided by its counsel. To date, Saltgrass contends that it has incurred $292,322 in reasonable and necessary attorneys' fees.

Eastex does not challenge the reasonableness or necessity of the fees sought by Saltgrass. Instead, Eastex offers three reasons why this court should refuse to

award any attorneys' fees to Saltgrass: (1) this court lost jurisdiction to award fees when Eastex filed its notice of appeal; (2) a fee award by this court would deny Eastex its constitutional right to a jury trial; and (3) Saltgrass is not a "prevailing party" under Texas law. *See* Dkt. 110 at 4–7. None of Eastex's arguments has merit. I will address Eastex's arguments one-by-one and then explain why I am not recommending the award of conditional attorneys' fees for appellate work.

### A. THIS COURT HAS JURISDICTION TO AWARD ATTORNEYS' FEES AFTER THE ENTRY OF A FINAL JUDGMENT

Eastex argues that this court lacks jurisdiction to award attorneys' fees. Eastex is mistaken.

A motion for attorneys' fees must be filed within 14 days after the entry of judgment unless a statute or a court order provides otherwise. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). This court entered a final judgment on August 21, 2025. *See* Dkt. 105. In accordance with Rule 54(d), Saltgrass filed its motion for attorneys' fees on September 4, 2025—within 14 days of the entry of the final judgment. *See* Dkt. 107. Eastex filed a notice of appeal on September 19, 2025. *See* Dkt. 108.

Eastex argues that this court lost plenary jurisdiction to address the fee issue because Saltgrass did not file a motion to alter or amend a judgment within 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Both the Supreme Court and the Fifth Circuit have rejected Eastex's argument. "[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e)." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 452 (1982) (quoting *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980)). The Supreme Court later stated:

> It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction. This Court has indicated that motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree."

4

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (citation modified). Because attorneys' fees are "collateral to the merits of the action," "the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees" even after a notice of appeal has been filed. *Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 275 (5th Cir. 2024) (quotation omitted).

In arguing that this court lacks jurisdiction to enter a fee award, Eastex also references Rule 58(e). This rule allows a district court, in its discretion, to delay the entry of judgment. The district court here did not delay the entry of a final judgment, so Rule 58(e) does not apply.

### B. THERE IS NO RIGHT TO A JURY TRIAL FOR ATTORNEYS' FEES

Eastex next argues that it is entitled to have a jury determine the amount of reasonable and necessary attorneys' fees. *See* Dkt. 110 at 5. The Fifth Circuit has squarely rejected this argument. *See Resol. Tr. Corp. v. Marshall*, 939 F.2d 274, 279 (5th Cir. 1991). In an opinion issued 34 years ago, the Fifth Circuit held that because "there is no common law right to recover attorneys fees, the Seventh Amendment does not guarantee a trial by jury to determine the amount of reasonable attorneys fees." *Id.* The Fifth Circuit has "reject[ed the] claim that a jury trial [is] necessary to determine the amount of attorneys fees." *Id.* at 280. Case closed. This court may, without the aid of a jury, properly determine the amount of Saltgrass's reasonable and necessary attorneys' fees.

### C. SALTGRASS IS A PREVAILING PARTY UNDER TEXAS LAW

The contract at issue in this lawsuit provides that a prevailing party in litigation is entitled to attorneys' fees. Faced with this language, Eastex argues that Saltgrass is not a prevailing party because Saltgrass "did not seek declaratory relief or file any claims against [Eastex]." Dkt. 110 at 6. This argument requires extensive mental gymnastics and finds no support in Texas law.

Because the Eastex-Saltgrass contract did not define the term "prevailing party," Texas law "give[s] the term its ordinary meaning." *Epps v. Fowler*, 351 S.W.3d 862, 866 (Tex. 2011). In 2019, the Texas Supreme Court explained that "[a]

5

defendant 'prevails' when the plaintiff loses with prejudice, whether on the merits or for some other reason." *Agar Corp., Inc. v. Electro Cir. Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019). Here, Saltgrass defeated Eastex's claims and obtained a final judgment stating that judgment "is entered in favor of" Saltgrass. Dkt. 105. It is irrelevant that Saltgrass did not bring its own claims for affirmative relief. Because Saltgrass successfully defended against Eastex's affirmative claims for relief and secured a take-nothing judgment, Saltgrass qualifies as a prevailing party. *See id.*; *Rohrmoos Venture*, 578 S.W.3d at 486 (a party who successfully defends against a breach of contract claim is a prevailing party under a lease agreement).

So how does Eastex address the Texas Supreme Court's clear and unequivocal language in *Agar* stating that a prevailing defendant who defeats a plaintiff's claim for relief is considered a prevailing party? It doesn't. Eastex simply ignores *Agar's* holding. Instead, Eastex contends that *Intercontinental Group Partnership v. KB Home Lone Star, L.P.*, 295 S.W.3d 650 (Tex. 2009), supports its view that Saltgrass is not a prevailing party because Saltgrass failed to obtain declaratory relief or monetary damages. *KB Home* does no such thing.

In *KB Home*, the Texas Supreme Court considered whether a *plaintiff* who obtained a finding of breach of contract but recovered no damages could be considered a prevailing party. *See id.* at 655. The high court in *KB Home* did not address the requirements for a *defendant* to be considered a prevailing party. *See id.* at 659 ("The issue of whether a breaching-but-nonpaying defendant can be a 'prevailing party' under an attorney's-fees provision like this is interesting legally, but not before us procedurally.").

Since *KB Home*, the Texas Supreme Court has repeatedly rejected Eastex's argument, holding: "A defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by successfully defending against a claim and securing a take-nothing judgment on the main issue or issues in the case," which makes the defendant a prevailing party. *Rohrmoos Venture,* 578 S.W.3d at 486; *see also Epps*, 351 S.W.3d at 868 (recognizing that a defendant may

be a prevailing party when a suit is dismissed with prejudice). Under this legal test, Saltgrass is a prevailing party.

### D.  CONDITIONAL APPELLATE ATTORNEYS' FEES

Saltgrass also requests an award of conditional appellate fees in the amount of $75,000 if Eastex unsuccessfully appeals this matter to the Fifth Circuit. "Under Texas law, if a party is entitled to recover attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal." *ATOM Instrument Corp. v. Petrol. Analyzer Co.*, 969 F.3d 210, 218 (5th Cir. 2020).

In the Texas courts, "appellate attorneys' fees must be conditionally requested at the trial level" because "a Texas court of civil appeals will not have jurisdiction to initiate appellate attorneys' fees." *Marrufo v. Couch*, No. 22-50062, 2025 WL 842799, at *3 (5th Cir. Mar. 18, 2025). That is not the case in the federal system. Fifth Circuit Rule 47.8 permits "appellate litigants to petition [the Fifth Circuit] for appellate attorneys' fees" and "does not require a party seeking appellate attorneys' fees to first request appellate attorneys' fees in the district court as a placeholder." *ATOM Instrument Corp.*, 969 F.3d at 219.

The Fifth Circuit's approach is much more sensible. When a case is still pending at the trial court level, it is difficult—if not impossible—to accurately estimate the amount of attorneys' fees that will be incurred on appeal. As a result, an award of conditional attorneys' fees will inevitably overcompensate or undercompensate the prevailing party. Allowing a party to seek an award of attorneys' fees after it has prevailed on appeal results in an accurate assessment of the fees expended. Although the Fifth Circuit has the authority to award appellate attorneys' fees, its "preferred procedure" is to remand to the district court to determine the proper amount of attorneys' fees to be awarded. *Zimmerman v. City of Austin*, 969 F.3d 564, 571 (5th Cir. 2020).

Because Saltgrass's request for conditional attorneys' fees is premature, I recommend it be denied. In the event Saltgrass prevails on appeal, it can seek an award of fees at that time.[1]

## CONCLUSION

For the reasons discussed above, I recommend that Saltgrass's motion for attorneys' fees be granted, and that Eastex pay Saltgrass's reasonable and necessary attorneys' fees in the amount of $292,322.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 15th day of October 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Saltgrass also seeks $16,600 in conditional post-trial briefing fees if Eastex files a motion for new trial. Because this case has already been appealed to the Fifth Circuit, there will be no motion for new trial. Accordingly, I recommend that the request for conditional post-trial briefing fees be denied.