United States District Court
Southern District of Texas

**ENTERED**

November 07, 2025

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 20100 EASTEX, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-01347 |
| | § | |
| SALTGRASS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

On June 2, 2022, all pretrial matters were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 46. Judge Edison filed a Memorandum and Recommendation on October 15, 2025, recommending that Defendant Saltgrass, Inc.'s Motion for Attorneys' Fees (Dkt. 107) be **GRANTED**. Dkt. 114.

On October 29, 2025, Plaintiff 20100 Eastex, LLC filed its Objections. Dkt. 115. Plaintiff lodges four objections: (1) there is no excusable neglect permitting Defendant to assert its claim for attorneys' fees; (2) the Court no longer has jurisdiction/plenary authority over the case; (3) granting the award of attorneys' fees violates Plaintiff's constitutional rights; and (4) Defendant is not a prevailing party under Texas law. *Id.* at 4–11. The latter of these three arguments are objections to Judge Edison's October 15, 2025 Memorandum and Recommendation. The first of these objections, however, is directed to Judge Edison's May 29, 2025 Opinion and Order granting Defendant leave to amend its answer to add a

claim for attorneys' fees. If Plaintiff wished to challenge that order, Plaintiff should have

sought district court review no later than June 13, 2025. As the Fifth Circuit has explained:

> [Defendant]'s motion for leave to amend was referred to a magistrate judge
> for resolution. [Plaintiff] did not seek district court review of the magistrate
> judge's order granting leave to amend, as required by Federal Rule of Civil
> Procedure 72(a). *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error
> a defect in [a magistrate judge's order on a nondispositive pretrial matter] not
> timely objected to."). Accordingly, [Plaintiff]'s argument that [there was no
> excusable neglect that would warrant giving Defendant] leave to amend its
> answer is not properly before [the Court]. *See Lehmann v. GE Global Ins.
> Holding Corp.*, 524 F.3d 621, 624 n.4 (5th Cir.2008) (stating that if
> appellant's briefing were construed as a challenge to the magistrate judge's
> denial of leave to amend the complaint, that argument was not properly
> before the court because appellant "failed to appeal the magistrate judge's
> order to the district court").

*Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851–52 (5th Cir. 2010). Accordingly, the

Court does not consider Plaintiff's objection that Judge Edison erred in granting Defendant

leave to file an amended answer asserting a claim for attorneys' fees as that issue is not

properly before this Court. The Court will consider the remaining Objections.

In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de

novo determination of those portions of the [magistrate judge's] report or specified

proposed findings or recommendations to which objection [has been] made." After

conducting this de novo review, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." *Id*.; *see also* Fed. R.

Civ. P. 72(b)(3).

The Court has carefully considered the remaining Objections; the Memorandum and

Recommendation; the pleadings; and the record. The Court **ACCEPTS** Judge Edison's

Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court. It is

therefore **ORDERED** that:

(1)    Judge Edison's Memorandum and Recommendation (Dkt. 114) is **APPROVED AND ADOPTED** in its entirety as the holding of the Court; and

(2)    Defendant's Motion for Attorneys' Fees (Dkt. 107) is **GRANTED**; and

(3)    Plaintiff shall pay Defendant's reasonable and necessary attorneys' fees in the amount of $292,322.

It is so **ORDERED**.

   SIGNED at Houston, Texas on November 7, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

3