United States District Court
Southern District of Texas
**ENTERED**
September 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 20100 EASTEX, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-01347 |
| | § | |
| SALTGRASS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

On July 6, 2026, the Fifth Circuit affirmed this court's grant of summary judgment in favor of Saltgrass, Inc., held that "Saltgrass is entitled to appellate attorney fees," and remanded the case for this court to determine the amount of "Saltgrass's appellate attorney fees." *20100 Eastex, L.L.C. v. Saltgrass, Inc.*, 180 F.4th 768, 775 (5th Cir. 2026).[1]

Saltgrass has filed a Motion for Appellate Attorneys' Fees, seeking an award of $63,789.50. *See* Dkt. 120. 20100 Eastex, LLC opposes Saltgrass's request, arguing that (1) "[t]he billing rates charged by [Saltgrass's counsel] exceed the normal market rates for those typical in the area"; and (2) "much of the billing sought to be recovered by [Saltgrass] is repetitive/duplicative, billed in vague entries, and billed at excessive time for the tasks involved and nature of the lawsuit." Dkt. 121 at 1.

For the reasons that follow, I recommend that Saltgrass be awarded $38,410.50 in appellate attorneys' fees.

---

[1] This court previously awarded Saltgrass $292,322.00 for reasonable and necessary attorneys' fees incurred at the trial court level. *See* Dkt. 116.

## LEGAL STANDARD

When calculating an attorneys' fee award, the trial court should begin by calculating the lodestar.[2] *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The trial court should exclude "[c]harges for duplicative, excessive, or inadequately documented work." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012). There is a strong presumption that the lodestar calculation produces a reasonable and necessary fee. *See Rohrmoos Venture*, 578 S.W.3d at 499.

After calculating the lodestar, Texas law requires a trial court to consider whether to enhance or decrease the lodestar amount based on the *Arthur Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* (cleaned up).

---

[2] Because Texas law supplied the rule of decision in this contract dispute, Texas law also governs the award of attorneys' fees in this case. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").

The party seeking attorneys' fees "bears the burden of establishing the fees are reasonable and necessary." *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017). Fixing a reasonable attorneys' fee "rests within the court's sound discretion." *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). A court abuses its discretion when it awards attorneys' fees without "a reasonably specific explanation for all aspects of a fee determination," including any adjustment to the lodestar. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

**ANALYSIS**

In support of its request for attorneys' fees, Saltgrass has identified four lawyers and two paralegals who worked on this matter, their hourly rates, and the number of billable hours they worked between November 3, 2025, and the present. Saltgrass has also submitted the affidavit of Sammy Ford IV, an attorney representing Saltgrass, attesting to the reasonableness and necessity of the hourly rates, number of billable hours, and fees incurred. Finally, Saltgrass has provided its billing records detailing the legal services provided by its counsel.

To calculate the lodestar, I must first evaluate Saltgrass's proposed hourly rates. The hourly rates to be used in the lodestar calculation are determined by "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Saltgrass seeks attorneys' fees based on the following hourly rates: $1,025 for attorney John Zavitsanos, $830 for attorney Jane Langdell Robinson, $785 for attorney Sammy Ford IV, $695 for attorney Nicholas Petree, $320 for paralegal Lynette Peter, and $260 for paralegal Alejandra Ramos. *See* Dkt. 120-1 at 11. Saltgrass's lawyers are all experienced, having practiced for a minimum of 13 years to more than 30 years. Ford states that "[t]he hourly billing rates of Saltgrass's attorneys and paralegals" represent "prevailing legal fees in and around Houston, Texas for performing comparable legal services similar to those performed here for each of the attorneys' and paralegals experience levels." Dkt. 120-1 at 5.

20100 Eastex challenges the hourly rates proposed by Saltgrass as unreasonable. In doing so, 20100 Eastex offers a declaration by its counsel, Kevin Kyser. Kyser opines that, "based on [his] years of practice, that a typical market rate for lead attorneys in the Greater Houston area at the times material to this lawsuit was between $300 to $500 an hour, with lesser rates for associates and legal assistants." Dkt. 121-1 at 1. Kyser further states that it is his "opinion that the rates charged by counsel for Sal[t]grass . . . exceed the typical market rates." *Id.*

Although Kyser is correct that stellar representation can be obtained for $300 to $500 an hour, attorneys' fees charged by top-flight law firms in and around the Houston area far exceeds $300 to $500 an hour. In the last few years, attorneys' fees have skyrocketed, giving litigation boutiques the ability to charge rates that previously seemed inconceivable. The rates Saltgrass seeks for its appellate attorneys' fees are the same rates that I previously approved in connection with Saltgrass's request for attorneys' fees at the trial court level. *See* Dkt. 114. Based on the record before me, as well as my own familiarity—both as a lawyer and judge for the past 30+ years—with the market for attorneys' fees in the Houston area, I conclude that rates charged by Saltgrass's attorneys and paralegals reflect the prevailing market rates.[3]

[3] In opposing an award of attorneys' fees based on Saltgrass's proposed hourly rates, 20100 Eastex points to the State Bar of Texas's 2025 Income and Hourly Rate Report ("Hourly Rates Report"), which reflects that the median hourly rate for attorneys in the State of Texas is $398 per hour. "Although the Hourly Rates Report contains interesting data, it is far from the holy grail regarding hourly rates." *Est. of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2023 WL 5018432, at *4 (S.D. Tex. Aug. 7, 2023). "The findings are based entirely on survey results from Texas lawyers and do not distinguish between the reported billing method: hourly fees, flat rates, contingency fees, or discounted fees for volume clients." *Id.* Additionally, "[t]he State Bar data, which only report median rates, do not account for the rate that might be reasonably charged by an attorney with significant experience or expertise in the field." *Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-cv-1455, 2022 WL 2306926, at *3 (N.D. Tex. June 27, 2022). I thus discount the Hourly Rates Report.

Having determined the prevailing hourly rate in the community for similar work, I now turn to the second lodestar component—the number of hours reasonably expended. Saltgrass seeks the following attorneys' fees:

a) 27.7 hours billed by AZA to Saltgrass through the end of November 2025 for a total of $18,822.50 associated with responding to Eastex's challenges to Saltgrass's recovery of trial-level fees; *plus*

b) 49 hours billed by AZA to Saltgrass through the end of July 2026 for a total of $40,404.50 associated with the appeal to the Fifth Circuit; *plus*

c) Approximately 6.5 hours of additional time that will be billed by AZA to Saltgrass for August and September 2026 for a total of $4,562.50 associated with filing this motion.

Dkt. 120 at 8.

Let me start with Saltgrass's request for time "associated with responding to Eastex's challenges to Saltgrass's recovery of trial-level fees." *Id.* This time—which took place from September 2025 to November 2025—relates to proceedings in district court seeking attorneys' fees for work performed at the district court level. None of this time has anything to do with appellate attorneys' fees. Remember, the Fifth Circuit remanded this case "for determination of Saltgrass's appellate attorney fees," and nothing more. *20100 Eastex*, 180 F.4th at 775. The Fifth Circuit has not given this court authority to award additional attorneys' fees for time spent by Saltgrass's counsel in district court. Notably, Saltgrass previously sought an award of attorneys' fees for work incurred at the district court. *See* Dkt. 107. In that fee application, Saltgrass could have—but did not—ask the court to award attorneys' fees for time Saltgrass expected it would spend on litigating the fee request. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995) (a district court has discretion to award costs and fees for time spent litigating a fee request).

Because the Fifth Circuit has limited this court's power on remand to award appellate attorneys' fees, I must also reject Saltgrass's request to award 6.5 hours of time associated with the filing of the instant motion.

Saltgrass is entitled to the reasonable and necessary attorneys' fees it incurred while this case was on appeal to the Fifth Circuit. 20100 Eastex challenges specific time entries as repetitive/duplicative, vague, and excessive. After carefully reviewing each time entry made by Saltgrass's counsel, I have reduced those time entries I view as duplicative, vague, and excessive. I calculate the lodestar as follows:

| Attorney | Hours | Rate | Total Fee |
|---|---|---|---|
| Jane Robinson | 43.8 | $830.00 | $36,354.00 |
| Sammy Ford IV | 2.0 | $785.00 | $1,570.00 |
| Nicholas Petree | 0.7 | $695.00 | $486.50 |
| | | Lodestar: | $38,410.50 |

Now that I have determined the lodestar, I may adjust the lodestar upward or downward based on an analysis of the 12 *Johnson* factors. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." *Id.* I have independently reviewed the *Johnson* factors. Application of the *Johnson* factors does not warrant an upward or downward adjustment in the fee award in this case. I thus conclude that Saltgrass is entitled to $38,410.50 for reasonable and necessary appellate attorneys' fees.

## CONCLUSION

For the reasons discussed above, I recommend that Saltgrass be awarded reasonable and necessary appellate attorneys' fees in the amount of $38,410.50.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 23rd day of September, 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE